IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALLAN V. EVANS, Plaintiff, v. IN REM GEORGIA MILITIA DISTRICT 27 and SANDERS, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 5:13-MC-8(MTT) |

## ORDER

Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the complaint to determine whether the jurisdictional requirements in this case have been satisfied. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). After review, the Court has determined that it does not have subject matter jurisdiction of this case.

Federal courts are courts of limited jurisdiction. *Morrison*, 228 F.3d at 1260-61. Article III of the United States Constitution sets the outer boundaries of judicial jurisdiction, and Congress is vested with the discretion to determine the scope of subject matter jurisdiction within that broad constitutional grant. *Id.* at 1261. Congress can "give, withhold, or restrict such jurisdiction at its discretion, provided it not be extended beyond the boundaries fixed by the Constitution." *Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted).

Congress has created two primary methods for pleading original federal subject matter jurisdiction in federal district courts. The first method requires the

existence of a federal question at the heart of the claim. 28 U.S.C. § 1331. The second method is based on diversity of citizenship. 28 U.S.C. § 1332. A diversity action is appropriate "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332 (a)(1). Federal district courts also have appellate jurisdiction in limited situations, such as an appeal from a bankruptcy court decision. *See* 28 U.S.C. § 1334.

Here, the Plaintiff attempts to appeal to this Court a decision by the Georgia Supreme Court to this Court. (Doc. 1). The Plaintiff appears to believe that "Direct Appeal to the Federal District of Georgia Macon Division is being made under appropriate statutes for appeal from the Georgia Supreme Court from its judgment." (Doc. 1 at 1). This belief is misplaced because appeals from Georgia Supreme Court decisions do not fall within the scope of this Court's jurisdiction. "[A] federal district court, as a court of original jurisdiction, lacks appellate jurisdiction to review, modify, or nullify a final order of a state court." *Lampkin-Asam v. Supreme Court of Florida*, 601 F.2d 760 (5th Cir. 1979)[1]. *See also Aris v. Big Ten Taxi Corp.*, 441 F.2d 536 (5th Cir. 1971) (federal district court properly refused to review order of state supreme court). Further, the United States Supreme Court has exclusive jurisdiction to review judicial decisions by the Georgia Supreme Court. *See* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari….").

Thus, this Court does not have jurisdiction to review the Plaintiff's appeal of a Georgia Supreme Court decision. Accordingly, this case is **dismissed**.

---

[1] The Eleventh Circuit has adopted as precedent decision of the Former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

-3-

**SO ORDERED**, this 20th day of June, 2013.

                                        <u>S/ Marc T. Treadwell</u>
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT